UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RICKY JAY SIELER,<br><br>Petitioner,<br><br>vs.<br><br>DAN SULLIVAN,<br><br>Respondent. | 4:23-CV-04119-KES<br><br>ORDER DENYING MOTION FOR COURT-APPOINTED COUNSEL<br><br>Docket No. 2 |

Petitioner, Ricky Jay Sieler, an inmate of a South Dakota state prison has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He moves the court to appoint counsel to represent him in this matter. Docket No. 2.

It is well settled that "[a] habeas corpus proceeding is civil in nature, and 'the Sixth Amendment right to counsel afforded for criminal proceedings does not apply.' " Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citing Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993)). Because Mr. Sieler has no constitutional right to appointment of counsel in his habeas proceeding (see Phelps v. United States, 15 F.3d 735, 737 (8th Cir. 1994)), the district court has discretion to determine whether to appoint counsel.[1] Sullivan v. Lockhart,

---

[1] A district court <u>must</u> appoint counsel to represent petitioner in any evidentiary hearings deemed necessary by the court. Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (citing Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. § 2254). An evidentiary hearing is not necessary when "the issues involved can be properly resolved on the basis of the state court record." Smith v. Groose, 998 F.2d 1439, 1442 (8th Cir. 1993) (citing McCann v.

958 F.2d 823, 826 (8th Cir. 1992) (citing Ferguson, 905 F.2d at 213-214). Refusal by the court to appoint counsel to assist petitioner in presenting a federal habeas corpus petition does not violate petitioner's constitutional rights.  Hull v. Swenson, 431 F.2d 1194, 1195 (8th Cir. 1970)

A court may, "in the interests of justice," appoint representation to any financially eligible person who is seeking relief under 28 U.S.C. § 2254.  18 U.S.C. § 3006A(a)(2)(B).  The Eighth Circuit has set forth the following standard with regard to discretionary appointments of counsel for *pro se* habeas petitioners:

> When exercising its discretion, a district court should first determine whether a pro se habeas petitioner has presented a nonfrivolous claim.  If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel.  If the petitioner has presented a nonfrivolous claim, the district court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that "the interests of justice so require" it.  To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present [articulate] his claim, and any other relevant factors.

---

Armontrout, 973 F.2d 655, 661 (8th Cir. 1992)).  A petitioner is entitled to an evidentiary hearing in federal court only if he shows "both cause for failure to adequately develop the facts in the postconviction state court hearing and actual prejudice resulting therefrom."  Smith, 998 F.2d at 1442 (citing McCann, 973 F.2d at 658).  "A federal court should grant a hearing if the facts are in dispute or if a fair evidentiary hearing was not conducted in state court." Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990) (citing Wallace v. Lockhart, 701 F.2d 719, 729 (8th Cir. 1983)).

Abdullah, 18 F.3d at 573 (internal citations omitted); see also McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990).

The court finds there are no compelling interests that require the appointment of counsel on behalf of Mr. Sieler at this juncture of this case. Mr. Sieler's articulation of his claim is clear and straightforward. See Docket No. 1. The issues presented are not complex. Id. Accordingly, it is hereby

ORDERED that Mr. Sieler's motion for the appointment of counsel on his behalf [Docket No. 2] is denied. Should the court conclude at a later date that an evidentiary hearing is required, the court will appoint counsel for Mr. Sieler at that time.

DATED September 15, 2023.

BY THE COURT:

*(signature)*

VERONICA L. DUFFY
United States Magistrate Judge